**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 16-40809 (ESS) |
| | ) | Chapter 7 |
| TASHANNA GOLDEN | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEBTOR'S MOTION TO REOPEN CHAPTER 7 CASE**

Debtor Tashanna Golden, by her counsel Austin C. Smith, here moves this Court for an order reopening the Debtor's Chapter 7 case pursuant to 11 U.S.C. § 350 (b) of the Bankruptcy Code and Rules 5010 and 4007 of the Federal Rules of Bankruptcy Procedure. The grounds for this motion are set forth in Debtor's Affirmation in Support of Debtor's Notice of Motion to Reoepn Chapter 7 Case, filed herewith.

This Motion shall be heard on January 5, 2017 at 9:30 a.m. or as soon thereafter as counsel may be heard, before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge for the Eastern District of New York, 271-C Cadman Plaza East, Courtroom 3585, Brooklyn, NY, 11201, for an Order reopening Debtor's Chapter 7 Case.

Any opposition papers to this Motion are due to be filed via ECF and served no later than December 22, 2016.

Respectfully submitted,

December 6, 2016

/s/Austin Smith
**SMITH LAW GROUP**
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 16-40809 (ESS) |
| | ) | Chapter 7 |
| TASHANNA GOLDEN | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEBTOR'S NOTICE OF MOTION TO REOPEN CHAPTER 7 CASE**

PLEASE TAKE NOTICE that upon the annexed affirmation, Tashanna Golden ("Debtor" or "Golden") by and through the Smith Law Group, will move this Court on January 5, 2017 at 9:30 a.m. or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York, 11201, Courtroom 3585, before the Honorable Elizabeth S. Stong, for an Order:

a) Reopening the Debtor's Chapter 7 case pursuant to 11 U.S.C. § 350 (b) of the Bankruptcy Code and Rules 5010 and 4007 of the Federal Rules of Bankruptcy Procedure, for the purpose of seeking:

    i.   Declaratory relief that Golden's private student loans (the "Debts") were discharged by operation of law on August 3, 2016 because they are not educational debts excepted from discharge by section 523(a)(8);

    ii.   An award of actual damages and sanctions for violations of the discharge injunction;

    iii.   An award of a reasonable attorneys' fees; and

iv.    Other just relief that this Court deems proper.



                                        Respectfully submitted,

December 6, 2016

                                        /s/Austin Smith
                                        **SMITH LAW GROUP**
                                        3 Mitchell Place
                                        New York, NY 10017
                                        917-992-2121
                                        austin@acsmithlawgroup.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 16-40809 (ESS) |
| | Chapter 7 |
| TASHANNA GOLDEN | |
| Debtor | |

**AFFIRMATION IN SUPPORT OF DEBTOR'S NOTICE OF MOTION TO REOPEN**
**CHAPTER 7 CASE**

I, Austin C. Smith, an attorney at law admitted to practice before this Court, being

mindful of the penalties of perjury, duly swears as follows:

1. I am attorney with the Smith Law Group.

2. I am attorney for Tashanna Golden ("Debtor"), and as such am familiar with the facts and

   circumstances of this matter.

3. I submit this affirmation in support of the instant motion to reopen Debtor's case pursuant

   to section 350 of the Bankruptcy Code in order to obtain a determination of

   dischargeability and to accord further relief to Debtor.

4. Debtor seeks declaratory relief that her private education loans (the "Debts") were

   discharged by operation of law on August 3, 2016 and a finding that AES, National

   Collegiate Trust, Firstmark Services, JP Morgan Chase, and GoldenTree Asset

   Management LP willfully violated this Court's discharge injunction under section 524 of

   the Bankruptcy Code.

5

5.  This court has jurisdiction over violations of the discharge injunctions as core matters arising under the Bankruptcy Code pursuant to 28 U.S.C. 157 and 28 U.S.C. 1409.

6.  Venue is proper in the Eastern District of New York under 28 U.S.C. 1409(a).

7.  On February 29, 2016, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

8.  Debtor listed on Schedule F certain "student loans" owed "AES/Jpmgn ch," "Fm/slfv tru," "AES/NCT" (collectively as the "Private Student Loan Creditors") in the aggregate amount of $21,481.

9.  On or about August 3, 2016, this Court issued a discharge order in Debtor's bankruptcy proceeding.

10. On or about August 5, 2016, all creditors received notice of discharge.

11. Debtor did not enter into an agreement under section 524(c) of the Bankruptcy Code.

12. The Debts are not non-dischargeable student loans or conditional educational grants under section 523(a)(8).

13. None of the Private Student Loan Creditors filed an adversary proceeding contesting dischargeability under section 523(a)(8), although it was their legal burden to do so before commencing collection efforts.

14. The Debts were therefore discharged by operation of law pursuant to section 727(b) of the Bankruptcy Code.[1]

15. Notwithstanding, the Private Student Loan Creditors and/or their agents misrepresented the Debts to Golden as non-dischargeable debt and initiated monthly collection efforts on the discharged debts.

16. Debtor now seeks to reopen this bankruptcy case in order to obtain relief.

17. Federal Rule of Bankruptcy Procedure 5010 provides "[a] case may be reopened on the motion of the debtor . . . pursuant to section 350 of the Code."

18. Section 350 of the Bankruptcy Code permits the bankruptcy court to reopen a case "to administer assets, accord relief to the debtor, or for other cause."

19. Rule 4007 of the Federal Rules of Bankruptcy states that a "case may be reopened" at any time "for the purpose of filing a complaint to obtain a determination" of discharge.

20. Seeking relief for violation of the discharge order is also an appropriate reason for reopening a case.[2]

---

[1] *In re Haroon,* 313 B.R. 686, 689 (Bankr. E.D. Va. 2004) ("A student loan creditor is not required to seek a dischargeability determination during the pendency of the bankruptcy case. The failure to seek a dischargeability determination does not alter the fact that the debt is or is not discharged upon entry of the discharge order. It merely avoids a judicial declaration of that fact at that time . . . The parties' rights were fixed at that time and, if the debt was discharged, the creditor was barred from collecting it. The fact that they may not have agreed as to what that status was is immaterial. The status, although perhaps unknown to the parties or disputed by them, was fixed by the discharge order. Neither was obligated to commence a dischargeability action to resolve that issue and the failure to do so did not alter the status of the debt. There are ramifications from not seeking a dischargeability determination, that is, whether the debt falls within an exception of § 523. One ramification is that a creditor who attempts to collect the debt proceeds at his own peril and accepts the consequences of his own actions. If a creditor wants to avoid the adverse consequences of an erroneous analysis, he can come to this court at any time, even after the case has been closed, and seek an adjudication of the dischargeability issue. 4 Collier on Bankruptcy, ¶ 523.04 (15th ed. revised 2004). If he fails to do that and seeks to collect the debt, the debtor may use a show cause order to have this determination made. ***If the creditor is wrong and the debt was discharged, he has violated § 524.***") (emphasis added).

21. The decision to reopen is within the sound discretion of the Court.

   **WHEREFORE,** Debtor respectfully requests the entry of an Order reopening this

Chapter 7 case.


                                                  Respectfully submitted,

December 6, 2016

                                                  /s/ Austin Smith
                                                  **SMITH LAW GROUP**
                                                  3 Mitchell Place
                                                  New York, NY 10017
                                                  917-992-2121
                                                  austin@acsmithlawgroup.com

---

   [2] *See, e.g., In re Szenes*, *515* B.R. 1, 3 (Bankr. E.D.N.Y. 2014) ("The debtors, Mr. and Mrs. Szenes, previously filed, on notice to U.S. Bank, a motion to reopen their chapter 7 case under section 350 of the Bankruptcy Code . . . the limited purpose of permitting the debtors to present their claim that U.S. Bank violated the discharge injunction by seeking to collect its debt as a personal liability from them after the debt has been discharged and the bankruptcy case closed. A hearing on the Motion to Reopen was held before the Court on June 5, 2014 and the Motion to Reopen was granted.").

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
| | ) Case No. 16-40809 (ESS) |
| | ) Chapter 7 |
| TASHANNA GOLDEN | ) |
| | ) |
| Debtor | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**APPLICATION TO WAIVE THE FEE TO REOPEN BANKRUPTCY**
**CASE**

Tashanna Golden, by and through her counsel Austin C. Smith, hereby submits this application

in support of her request to waive the reopening fee pursuant to Federal Rule of Bankruptcy

Procedure 4007(b), which states that a "case may be reopened without payment of an additional

filing fee for the purposes of filing a complaint to obtain determination [of dischargeability of a

student loan] under this rule."  Tashanna Golden seeks to reopen this bankruptcy case in order to

obtain a determination of dischargeability of her private student loan debt and damages for

violation of the discharge order.

December 6, 2016

Respectfully submitted,

/s/ Austin Smith
**SMITH LAW GROUP**
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

9

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| )<br>In re:                                               )<br>                                                          )<br>TASHANNA GOLDEN                        )<br>                                                          )<br>        Debtor                                       )<br>                                                          )<br>                                                          )<br>                                                          )<br>                                                          ) | Case No. 16-40809 (ESS)<br>Chapter 7 |

**(Proposed)**
**ORDER REOPENING CHAPTER 7 CASE**

The matter having come before the Court upon Debtor's filing of a Motion to Reopen

Chapter 7 Case; and this Honorable Court otherwise being fully advised in the premises:

**IT IS FURTHER ORDERED** that the above-captioned Chapter 7 Bankruptcy case is

reopened to allow Debtor to seek declaratory relief, actual damages, and sanctions for violations

of the discharge injunction.

10

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 16-40809 (ESS) |
|  | ) | Chapter 7 |
| TASHANNA GOLDEN | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**NOTICE OF MOTION AND OPPORTUNITY FOR HEARING**

Debtor has filed papers with the court to seek relief from the automatic stay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may want to consult one.**

If you do not want the Court to grant the relief requested, or if you want the Court to consider your views on the Motion, within **fourteen (14) days**, you or your attorney must:

1.  File with the court a written response or an answer[1], explaining you position at:

> **U.S. Bankruptcy Court for the Eastern District of New York**
> **271-C Cadman Plaza**
> **Brooklyn, NY 11201**

> If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.  Appear before this Court, at 271-C Cadman Plaza, Brooklyn, New York, 11201, Courtroom 3585, before the Honorable Judge Elizabeth S. Stong, on January 5, 2017 at 9:30 a.m. for an opportunity to be heard.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

---

[1]Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

Respectfully submitted,

December 6, 2016

11

/s/ Austin Smith
**SMITH LAW GROUP**
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

12

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 16-40809 (ESS) |
| | ) | Chapter 7 |
| TASHANNA GOLDEN | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Austin Smith, hereby certify that on the 6th day of December, 2016, I served the foregoing Amended Notice Of Motion to Reopen Chapter 7 Case, Affirmation in Support of the Amended Notice of Motion, Proposed Order, and this Certificate of Service using the ECF Filing System and by depositing said copies in the U.S. mail, postage prepaid, properly addressed as follows:

**GoldenTree Asset Management LP**
**ATTN: Officer, General Counsel or Agent**
**300 Park Ave**
**21st Floor**
**New York, NY 10022**

**JP Morgan Chase Bank**
**c/o CT Corporation System**
**ATTN: Officer or Agent**
**111 8th Ave, 13th Floor**
**New York, NY 10017**

**National Collegiate Trust**
**C/o Transworld Systems Inc.**
**ATTN: Officer, Agent, or Bankruptcy Litigation Department**
**PO Box 4275**
**Norcross, GA 30091**

**Firstmark Services**
**ATTN: Officer, General Counsel, or Agent**
**P.O. Box 82522**
**Lincoln, NE 68501**

**AES Credit**
**ATTN: Officer, Agent or General Counsel**
**P.O. Box 61047**
**Harrisburg, PA 17106**

13

Respectfully submitted,

December 6, 2016

/s/ Austin Smith
**SMITH LAW GROUP**
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

14